*Orphans' Court, Dauphin County, February 1st, 1865.*

IN THE MATTER OF CUNKLE'S ESTATE.

Where the person named as legatee in a will is dead at the time of making it, the legacy is *void*, and the amount of the legacy will be distributed among the other persons of the same class as the intended legatee.

BY THE COURT.—Isaac Collier, by his petition, asks the Orphans' Court to decree distribution according to law of a bequest made by Ann C. Cunkle to Ellsworth Collier, his minor son, deceased.

From the petition, which doubtless states the facts correctly, it appears that Mrs. Cunkle bequeathed to Mary C. Collier, Louisa J. Collier, and Ellsworth Collier, children of Sarah Collier, deceased (formerly Fitting), intermarried with the petitioner, one-third part of the residue of her personal estate, to be divided equally between them. Sarah Collier was a sister's daughter of Ann C. Cunkle. Mrs. Cunkle died on or about the 12th day of September, 1863, without issue. Her will was made and dated May 12th, 1863. Ellsworth Collier died on the 15th day of April, 1863, a mere infant, intestate and unmarried. This statement shows that Ellsworth Collier was dead before the will was made, consequently the legacy did not *lapse* but was *void* from the beginning. A legacy is said to *lapse* when the legatee dies after the making of the will, but before the death of the testator. It is *void* when the devisee or legatee was dead before the will was executed. There is no one *in esse* on whom the devise or bequest can rest. This distinction is clearly taken in 1 Jarman on Wills, p. 302, in note, and is fully supported by the authorities there cited. As to the portion bequeathed to Ellsworth, it is consequently very clear that the testator died intestate, and that share must be distributed to the next of kin of Ann C. Cunkle, or to the residuary legatees. Although there has been some conflict in the decisions between the next of kin or heir-at-law, and residuary legatees, in cases of lapsed legacies, there has been none where the same are void. There the sum bequeathed clearly goes to the residuary legatees. The whole residue of Mrs. Cunkle's property is disposed of by her will. She directs the remainder of her real estate not previously devised, and the whole of her personal property, to be converted into money, and that, with her money at interest, and all other effects, to be divided into three parts; one-third part she bequeaths to Catharine Cunkle, one-third part to Mary C. and Alice Cunkle, and the remaining third to Mary C. Collier, Louisa J. Collier, and Ellsworth Collier, to be divided among them in equal shares. The only doubt presented in the case, is whether the share intended for Ellsworth shall be equally distributed between all of those residuary lega-

[In the Matter of Fox, Guardian of Fox.]

tees, or go to his sisters. From the wording of the will, we are satisfied that the testator intended that each *class* of legatees should have one-third of the residue of her property. She had so divided it, and did not intend that it should be brought together again, or that either set of legatees should claim a portion intended for the other set. The children of Mrs. Collier take as a *class* according to our construction; consequently when the bequest is void as to one of the class, the other two will take as residuary legatees of that third into which the estate was directed to be divided. Such is the general rule in regard to devises of joint estates, in cases of lapse; the survivors take by the *jus accrescendi*. It is also the rule where the devise or bequest is to certain classes. Those of the class will take the lapsed legacy. This will, in our opinion, best effectuate the intention of the present testator, and her intention is the pole-star in construing her will. We are clearly of the opinion that Isaac Collier is not entitled to any portion of this money. He cannot take as heir of his son, for the son never had any interest in the estate, not any more than if he had not been named in the will, and his sisters, Mary and Louisa, take, not through or under him, but as residuary devisees of one-third of Ann Catharine Cunkel's estate.

It is ordered that one-third of the money in the hands of the executor of Mrs. Cunkle be paid to Mary Catharine Collier and Louisa Jane Collier, or their respective guardians if they are minors.